IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL A. FULBRIGHT,

    Plaintiff,

v.                          CASE NO. 18-3242-SAC

MICHAEL KAGAY,

    Defendant.

**MEMORANDUM AND ORDER**

Mr. Fulbright, a pre-trial detainee now confined in the Larned State Hospital, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint includes few details but seems to allege constitutional defects with Mr. Fulbright's 2014 Kansas conviction for misdemeanor sexual battery.[1] As relief, Plaintiff seeks a new trial on the 2014 charge and removal from registration as a sex offender under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901, et seq.

The Court entered an Order (ECF No. 2) finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court granted Plaintiff until December 4, 2018, to submit the $400.00 filing fee. The Order was mailed to Plaintiff at the Shawnee County Jail but was returned as Plaintiff was no longer confined there. The Court entered a new Order on

---

[1] Case No. 14-CR-000833 in the District Court of Shawnee County, Kansas.

1

December 10, 2018 (ECF No. 4), granting Plaintiff until December 27, 2018 to submit the filing fee. The Order was mailed to Plaintiff at the Larned State Hospital. The Order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (ECF No. 4 at 2.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

It may be that, given the nature of Plaintiff's claims and requested relief, his Complaint is more properly construed as a petition for writ of habeas corpus. However, liberally construing the Complaint as a habeas corpus action does not save it.[2] The Court does not have jurisdiction over a habeas claim based on Mr. Fulbright's 2014 conviction because he is no longer in custody

---

[2] The Court incorporates by reference the more detailed discussion of the reasons for dismissal contained in its orders dismissing case numbers 18-cv-03190-SAC, 18-cv-03191-SAC, 18-cv-03192-SAC, 18-cv-03211-SAC, 18-cv-03212-SAC, and 18-cv-03213-SAC.

pursuant to that conviction. A petitioner seeking habeas relief must be in custody under the challenged conviction or sentence at the time the application is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Nor is the resulting KORA registry requirement a sufficient restraint on liberty to qualify as being "in custody." *See Calhoun v. Att'y General of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014). Moreover, Mr. Fulbright did not exhaust his state court remedies, and his habeas claim is not timely. *See* 28 U.S.C. § 2254(b)(1); 28 U.S.C. § 2244(d)(1). Finally, to the extent Mr. Fulbright is raising a challenge to the pending state charges of failing to register under KORA, the abstention doctrine precludes this Court's intervention in a pending state prosecution. *See Younger v. Harris*, 401 U.S. 37, 43 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

To the extent this order is considered a dismissal of a habeas action, Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

For these reasons, Mr. Fulbright's Complaint, even when construed as a habeas petition, must be dismissed.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice**.

**IT IS SO ORDERED.**

DATED: This 14th day of January, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**